```
         IN THE UNITED STATES DISTRICT COURT
            FOR THE DISTRICT OF PUERTO RICO
```

| | |
|---|---|
| SOTOMAYOR-SERRA,<br><br>**Plaintiff**<br><br>v.<br><br>SWISS CHALET INC., *et al.*,<br><br>**Defendants** | **CIVIL NO.** 12-1469 (JAG) |

### MEMORANDUM & ORDER

This is an employment discrimination action brought pursuant to the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101, *et seq.*; the Family and Medical Leave Act ("FMLA") and several related state laws. (Docket No. 1, ¶ 1.1). Pending before the Court is a Motion to Stay filed by co-defendant Swiss Chalet, Inc. ("Swiss Chalet") and grounded on the automatic stay provision of the Bankruptcy Code, 11 U.S.C. § 362. The Court finds that since the relief requested is already in place, the motion is properly DENIED as moot.

### DISCUSSION

Plaintiff Ivan Sotomayor-Serra ("Plaintiff") started working for Swiss Chalet as a "Food and Beverage Director" in June 2010. (Docket No. 1, ¶ 3.2). Almost a year later, on May 25, 2011, his employer filed a Bankruptcy Petition under Chapter

11 of the Bankruptcy Code. (Docket No. 10-1). Throughout his employment, Plaintiff alleges that he was subject to discrimination and retaliation by his employer, ultimately ending with his termination from employment on June 28, 2011 – just one month after Swiss Chalet had filed its Bankruptcy Petition. (Docket No. 1, ¶ 3.17).

On June 13, 2012, almost a year after he was fired, Plaintiff filed the present suit. After some procedural mishaps were taken care of, (see e.g. Docket No. 8), defendants were finally served with process. Swiss Chalet then filed a motion to stay the present case grounded on the automatic stay provision of the Bankruptcy Code, 11 U.S.C. § 362. (Docket No. 10). In that motion, Swiss Chalet simply averred that it filed a bankruptcy petition and that, consequently, the case must be stayed pursuant to § 362. Plaintiff opposes this motion, arguing that the same is insufficiently briefed and that the automatic stay is not applicable to the case at bar. (Docket No. 14). Both arguments are unavailing.

Courts have generally held that the automatic stay applies from the moment the petition is filed, regardless of whether the debtors are later determined to be ineligible for bankruptcy. In re Zarnel, 619 F.3d 156 (2nd Cir. 2010). In this Circuit, the automatic stay is activated the moment the petition is filed and

remains effective until, *inter alia,* "the entry of an order granting relief from stay pursuant to Bankruptcy Code § 362(d), (e), (f)." I.C.C. v. Holmes Transp., Inc., 931 F.2d 984, 987 (1st Cir. 1991). Thus, Swiss Chalet's motion asking this Court to stay the present case is unnecessary, as the automatic stay has been in effect since May 25, 2011, the date the Chapter 11 petition was filed.

Moreover, as the Federal Rules of Bankruptcy Procedure make clear, relief from an automatic stay must first be sought from the Bankruptcy Court. Rule 4001 of the Federal Rules of Bankruptcy Procedure provides that "[a] motion for relief from an automatic stay provided by the Code […] shall be made in accordance with Rule 9014." Id. Rule 9014, in turn, governs motion practice before the Bankruptcy Court. Thus, any party seeking relief from an automatic stay must petition the Bankruptcy Court for relief. Plaintiff's opposition is therefore also found procedurally improper.

In light of the above, the Court DENIES Swiss Chalet's Motion to Stay as moot.

IT IS SO ORDERED.

In San Juan, Puerto Rico, this 23rd day of December, 2012.

s/ Jay A. Garcia-Gregory
JAY A. GARCIA-GREGORY
United States District Judge